Eastern District of Kentucky
FILED
MAY 19 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 2004-4 - WOB

PAMELA BLACKSHEAR                                             PLAINTIFF

VS.            MEMORANDUM OPINION AND ORDER

WERNER ENTERPRISES,
INC., ET AL                                                   DEFENDANTS

This matter is before the court on defendant Werner Enterprises, Inc.'s motion in limine to exclude the testimony of Allyson Blythe (Doc. #21) and motion for order for entry (Doc. #25).

The court heard oral argument on these motions on Wednesday, May 18, 2005. Robert D. Monfort represented the plaintiff, and Gene E. Zipperle, Jr. represented defendants. Official court reporter Joan Averdick recorded the proceedings.

The court now issues the following memorandum opinion and order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 5, 2003, plaintiff Pamela Blackshear was driving a motor vehicle north on I-75 in Florence, Kentucky. Defendant Dawn McConnell was driving a tractor-trailer owned by defendant, Werner Enterprises, Inc., in the same direction. The truck driven by McConnell collided with Blackshear's automobile, which spun around and was struck by a second tractor-trailer.

Blackshear filed a negligence lawsuit on December 4, 2003, in Boone Circuit Court, and defendants timely removed the case on the basis of diversity jurisdiction. The parties conducted discovery and, in December 2004, engaged in a mediation. At that time, defendants indicated that they intended to move to disqualify plaintiff's treating therapist, Allyson Blythe, LCSW, from testifying as plaintiff's expert witness regarding plaintiff's psychological diagnosis. They filed such a motion and it has now been fully briefed and argued.

## ANALYSIS

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 "is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience <u>of his discipline</u>." *Id.* at 592 (emphasis added). The Court noted that ultimately the trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at

2

597.

In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Court held that the *Daubert* analysis applies not only to "scientific" testimony, but to all expert testimony contemplated by Rule 702. *Id.* at 149.

The question here is whether Blythe is qualified to express an opinion that plaintiff suffers from post-traumatic stress disorder ("PTSD") as a result of this automobile accident. Blythe's opinion letter states that she diagnosed plaintiff with PTSD based on the DSM-IV, the Diagnostic Statistical Manual for Psychiatric Disorders, and plaintiff's self-reports. (Blythe letter; Blythe Depo. at 27)

Blythe's only professional qualification, training, and certification -- i.e., her "discipline," as that term is used in *Daubert* -- is as a Licensed Clinical Social Worker in Kentucky. The "practice of social work" is defined as:

> the professional activity of helping for remuneration individuals, groups, or communities enhance or restore their capacity for social functioning and create societal conditions favorable to this goal. It includes the professional application of social work values, principles, and techniques to one or more of the following ends: counseling and <u>nonmedical psychotherapy</u> with individuals, families, and groups; helping people obtain tangible services; assisting communities or groups provide or improve social and health services; and engaging in social work education, research, planning, and the appropriate administration of social work or social welfare services.

KRS 335.020 (emphasis added).

"Psychotherapy," in turn, is defined as "the use of learning,

3

conditioning methods, and emotional reactions, in a professional relationship, to assist a person or persons to modify feelings, attitudes, and behavior which are intellectually, socially, or emotionally maladjustive or ineffectual." KRS 319.010(7).

Importantly, neither the definition of "social work" or "psychotherapy" includes the testing for or diagnosis of emotional or mental disorders. Instead, such testing and diagnosis is included within the definition of the "practice of psychology" in Kentucky:

> "Practice of psychology" means rendering to individuals, groups, organizations, or the public any psychological service involving the application of principles, methods, and procedures of understanding, predicting, and influencing behavior, such as the principles pertaining to learning, perception, motivation, thinking, emotions, and interpersonal relationships; the methods and procedures of interviewing, counseling, and psychotherapy; <u>of constructing, administering, and interpreting tests of mental abilities, aptitudes, interests, attitudes, personality characteristics, emotion, and motivation. The application of said principles in testing, evaluation, treatment, use of psychotherapeutic techniques, and other methods includes, but is not limited to: diagnosis, prevention, and amelioration of adjustment problems and emotional, mental, nervous, and addictive disorders and mental health conditions of individuals and groups</u>; educational and vocational counseling; the evaluation and planning for effective work and learning situations; and the resolution of interpersonal and social conflicts.

KRS 319.010(6) (emphasis added).

Further, the Kentucky Administrative Regulations define "psychological testing" as:

> the use of one (1) or more standardized measurement instruments, devices, or procedures including the use of computerized psychological tests, to observe or record human behavior, and which require the application of appropriate

4

normative data for interpretation or classification <u>and includes the use of standardized instruments for the purpose of the diagnosis and treatment of mental and emotional disorders and disabilities</u>, the evaluation or assessment of cognitive and intellectual abilities, personality and emotional states and traits, and neuropsychological functioning.

201 KAR 26:115 (emphasis added). The regulations further state that psychological testing may only be "administered and interpreted" by persons credentialed by the Board of Examiners of Psychologists. *Id.*

Therefore, while Blythe may be qualified to counsel plaintiff within the definition of "social work," she is not trained or licensed as a psychologist and thus, under the above provisions, she is not qualified to test for, or to make a diagnosis of, a psychological disorder such as PTSD.

The cases cited by defendant, while arising in the context of expert opinions about whether children have been sexually abused, do support the proposition that licensed clinical social workers are not qualified to make diagnoses of psychological disorders. *See Hellstrom v. Commonwealth*, 825 S.W.2d 612, 614 (Ky. 1992) (social worker not qualified to diagnose cause of mental disturbance); *R.C. v. Commonwealth*, 101 S.W.3d 897, 900 (Ky. App. 2002) (LCSW not qualified to express opinion regarding psychological symptoms or diagnoses).

Therefore, Blythe's testimony must be limited to opinions which she is qualified to render within the parameters of her

5

"discipline," i.e., social work. *Cf. Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 628 n. 15 (6th Cir. 2000) (holding that, although academic psychologist was not qualified to diagnose reading disorder, she was qualified to analyze reading test results and to express opinion about how subject's reading ability compared with average person).

Pursuant to the definition of social work and "nonmedical psychotherapy" under Kentucky law, Blythe is thus qualified to testify concerning "the use of learning, conditioning methods, and emotional reactions" that she has used "to assist [plaintiff] to modify feelings, attitudes, and behavior." KRS 319.010(7). This would include testimony regarding plaintiff's history as reported by her, her symptoms as Blythe observed them, and other observations regarding plaintiff's behavior and condition. A diagnosis of PTSD is, however, outside the scope of Blythe's qualifications.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that (1) defendant Werner Enterprises, Inc.'s motion in limine to exclude the testimony of Allyson Blythe (Doc. #21) be, and is hereby, **GRANTED**; and (2) the motion for order for entry (Doc. #25) be, and is hereby, **GRANTED**.

This \_\_\_19th\_\_\_ day of May, 2005.

_____
**WILLIAM O. BERTELSMAN, JUDGE**